**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANDARD DRYWALL, INC., <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent. | No. 12-70047 <br><br><br> MEMORANDUM[*] |
| OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, AFL-CIO, OPCMIA; OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION LOCAL 200, AFL-CIO, Plasters Local 200, <br><br> Petitioners, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent, | No. 12-70139 <br><br> NLRB No. 21-CD-659 |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

NATIONAL LABOR RELATIONS
BOARD,

Petitioner,

STANDARD DRYWALL, INC.,

Intervenor,

v.

OPERATIVE PLASTERERS' AND
CEMENT MASONS' INTERNATIONAL
ASSOCIATION LOCAL 200, AFL-CIO;
OPERATIVE PLASTERERS' AND
CEMENT MASONS' INTERNATIONAL
ASSOCIATION, AFL-CIO, OPCMIA,

Respondents.

No. 12-70379

NLRB No. 21-CD-659

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted August 28, 2013
Pasadena, California

Before: O'SCANNLAIN, BEA, and CHRISTEN, Circuit Judges.

Here, the Operative Plasters & Cement Masons International and Local 200 ("Plasterers") and the Southwest Regional Council of Carpenters ("Carpenters") dispute rights to represent employees of contractor-employer Standard Drywall, Inc. ("SDI"). SDI petitions for review of the National Labor Relations Board ("NLRB")'s decision in *Operative Plasterers' & Cement Masons' International Ass'n Local 200*, 357 NLRB No. 160 (Dec. 30, 2011) ("*SDI III*"). Plasterers petition for review of *SDI III* and *Operative Plasterers & Cement Masons International Ass'n, Local No. 200*, 348 NLRB 1250 (2006) ("*SDI II*"). We deny the Plasterers' and SDI's petitions for review and grant the NLRB's petition for enforcement.

This court reviews the NLRB's factual findings for substantial evidence and reviews its legal conclusions under the "arbitrary and capricious" standard. *See Recon Refractory & Constr. Inc. v. NLRB*, 424 F.3d 980, 986–87 (9th Cir. 2005).

**1**. The NLRB had jurisdiction under Section 10(k) of the National Labor Relations Act ("NLRA") to hear and decide *SDI II*. *See* 29 U.S.C. § 160(k). The Pullen lawsuit and Plasterers' Secretary-Treasurer Finley's statements constitute substantial evidence sufficient to support the NLRB's holding that the representational rights to the plastering work involved were in dispute. The NLRB did not act arbitrarily when it rejected the Plasterers' proffered evidence of

3

collusion and determined that the Carpenters had engaged in proscribed conduct. The Board properly considered and rejected the Plasterers' allegation, which distinguishes this case from *Construction & General Laborers Local 190 v. NLRB*, 998 F.2d 1064 (D.C. Cir. 1993).

Further, in *SDI II*, the NLRB analyzed the Settlement of Jurisdictional Disputes in the Construction Industry ("the Plan"), which provides a procedure for resolving disputes. The NLRB concluded that the Plan did not constitute an agreed-upon method for voluntary adjustment for two reasons.

First, even assuming that the Plan governed the jurisdictional disputes to representational rights of the two unions at three of the job sites, ninety-four other projects were not governed by the Plan. The NLRB relied on *Ironworkers, Local 563 (Spancrete Midwest Co.)*, 183 NLRB 1105 (1970), for the proposition that an agreed-upon dispute resolution method that covers only a fraction of the projects at issue does not qualify as an agreed-upon method for purposes of Section 10(k) jurisdiction.

Second, because SDI's agreement with the Carpenters also contained an arbitration clause which provided for an arbitration panel different from the Plan, there was a risk that SDI would be subject to conflicting arbitration awards. The NLRB relied on its decision in *Operating Engineers Local 318 (Kenneth E. Foeste*

4

*Masonry, Inc.)*, 322 NLRB 709 (1996), which held that the risk of conflicting awards means that there is "no *determinative* agreed-on method" for resolving jurisdictional disputes, thereby vesting the NLRB with jurisdiction. *Id.* at 712.

The question whether parties are bound by an agreed-upon method of resolving a jurisdictional dispute is a fairly technical one, requiring industry knowledge and expertise in labor disputes. The NLRB reasonably relied on its own precedent in *Spancrete* and *Foeste* to conclude that the Plan was not an agreed-upon method within the meaning of Section 10(k), and this conclusion was not "arbitrary and capricious."

**2**. The NLRB's broad order in *SDI II* was not arbitrary. The NLRB's finding that the Carpenters had a proclivity to engage in wrongful conduct was supported by substantial evidence. It was reasonable for the Board to conclude that the Carpenters would continue to engage in proscribed conduct given that this was the second instance of such conduct and given the breadth of the Carpenters' threatened future strikes.

**3**. The NLRB's determination in *SDI III* that Local 200's California state court lawsuits against SDI (the Pullen and Tortious Interference lawsuits) had an illegal objective is supported by substantial evidence and is not arbitrary or capricious. The NLRB found that favorable resolutions of the Pullen and Tortious

5

Interference lawsuits would directly conflict with the NLRB's section 10(k) determinations. Thus, the suits had an illegal objective, were not protected by the First Amendment, and could be enjoined. *See Small v. Operative Plasterers' and Cement Masons' Int'l Ass'n, Local 200*, 611 F.3d 483, 489–93 (9th Cir. 2010).

**4**. The award of reasonable legal fees was not punitive. Because the NLRB did not err in holding that the Pullen and Tortious Interference lawsuits had illegal objectives, the Plasterers' argument that they should have to pay attorneys' fees for only those claims that could be construed as a demand to work is without merit.

**5**. SDI does not have standing to complain of the admission of the *Operative Plasterers & Cement Masons International Ass'n, Local No. 200*, 346 NLRB 478 (2006) ("*SDI I*") and *SDI II* records into evidence in *SDI III* because SDI prevailed in *SDI III*. *See* 29 U.S.C. § 160(f) (only aggrieved parties may obtain review of a final order of the Board).

**6**. The NLRB did not abuse its discretion when it issued its standard cease-and-desist order in *SDI III* instead of the broader order requested by SDI. Challenges to NLRB remedial orders are "subject to limited judicial review." *Fibreboard Paper Prods. Corp. v. NLRB*, 379 U.S. 203, 216 (1964). We must not disturb NLRB remedial orders unless it can be shown that the order is a "patent

6

attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." *Id.* SDI did not make such a showing.

For the foregoing reasons, the Plasterers' petition for review, case number 12-70139, is DENIED, SDI's petition for review, case number 12-70047, is DENIED, and the NLRB's petition for enforcement, case number 12-70379, is GRANTED.